# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SISVEL INTERNATIONAL S.A.,

               Plaintiff,

   v.

VERIZON COMMUNICATIONS INC.,
VERIZON ONLINE LLC, VERIZON
DELAWARE LLC, and VERIZON
BUSINESS NETWORK SERVICES, INC.,

               Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sisvel International S.A. ("Sisvel" or "Plaintiff"), for its Complaint against

Defendants Verizon Communications Inc., Verizon Online LLC, Verizon Delaware LLC, and

Verizon Business Network Services, Inc., (collectively "Verizon" or "Defendants"), alleges the

following:

### NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.  Plaintiff is an entity organized under the laws of Luxembourg with a place of business

at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3.  Upon information and belief, Verizon Communications Inc. is a corporation

organized and existing under the laws of Delaware, with a place of business at 1095 Avenue of

the Americas, 8th Floor, New York, New York 10036.

4.   Upon information and belief, Verizon Online LLC is a limited liability company organized and existing under the laws of Delaware, with a place of business at 140 West Street, New York, New York 10007.

5.   Upon information and belief, Verizon Delaware LLC is a limited liability company organized and existing under the laws of Delaware, with a place of business at 901 Tatnall Street, Wilmington, Delaware 19801.

6.   Upon information and belief, Verizon Business Network Services, Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 22001 Loudoun County Parkway, Ashburn, VA 20147.

7.   Defendants each maintain a registered agent for service of process in Delaware at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Verizon sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

8.   This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §1400(b).  Upon information and belief, each Defendant is incorporated in the State of Delaware.

11. Upon information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because each has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104,

because Defendants purposefully availed themselves of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from each of Defendants' business contacts and other activities in the State of Delaware and this District. Further, this Court has personal jurisdiction over Defendants because they are each incorporated in Delaware and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

## BACKGROUND

12. Plaintiff is the owner by assignment of a portfolio of patents, including the nine patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to digital subscriber line ("DSL") technology, including the variations of DSL technology such as, but not limited to, ADSL, ADSL2, VDSL, VDSL2, HDSL, SHDSL and SDSL, which collection is generally referred to as xDSL or simply "DSL." DSL technology is used to provide broadband access to data networks, such as the Internet.

13. The International Telecommunication Union ("ITU") is the United Nations specialized agency in the field of telecommunications, information and communication technologies ("ICTs"). The ITU Telecommunication Standardization Sector ("ITU-T") is a permanent subgroup of ITU. ITU assemble experts from around the world to develop international standards known as ITU-T Recommendations. These Recommendations contain certain mandatory provisions (to ensure, e.g., interoperability or applicability) and compliance with the Recommendation is achieved when all of these mandatory provisions are met.

14. The ITU has adopted a number of industry standards relating to various DSL technologies, including the ITU-T handshake procedures for digital subscriber line transceivers ("ITU G.994.1"). This standard is widely implemented.

15.     The Asserted Patents are essential to practicing the ITU G.994.1 standard related to DSL technology.  As shown in the attached Exhibits 10-18, DSL technologies certified as compliant with the ITU G.994.1 standard necessarily meet the claim limitations of each of the asserted claims of the Asserted Patents.  Plaintiff notes that Exhibits 10-18 are based exclusively on publicly available information, and without the benefit of any Court claim construction.  Accordingly, for each Count below, Plaintiff reserves the right to supplement, amend or modify the analysis as warranted in light of additional facts, claim construction or other developments.  Plaintiff further reserves the right to add additional claims as the case progresses.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,768,772

16.     The allegations set forth in the foregoing paragraphs 1 through 15 are incorporated into this First Claim for Relief.

17.     On July 27, 2004, U.S. Patent No. 6,768,772 ("the '772 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '772 patent is attached as Exhibit 1.

18.     Plaintiff is the assignee and owner of the right, title and interest in and to the '772 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

19.     Upon information and belief, Defendants have and continue to directly infringe at least claims 16 and 24 of the '772 patent by making, using, selling, importing and/or providing, practicing and causing to be used DSL technology, equipment and services that infringe the patented methods by operating in compliance with the ITU G.994.1 standard (the "Accused Instrumentalities").  The Accused Instrumentalities include, but are not limited to, "High Speed

Internet (DSL)." (https://www.verizon.com/home/highspeedinternet/ (accessed September 20, 2018).)

20.     As one example of compliance with ITU G.994.1, Verizon lists on its website various equipment that it owns and/or provides to its subscribers, including without limitation modems, gateways and routers.

(https://www.verizon.com/support/residential/internet/equipment/other-equipment (accessed September 20, 2018).) The data sheets or manuals for at least some products indicate that they operate in accordance with, and/or comply with the ITU G.994.1 standard. For instance, Actiontec GT701C is listed on Verizon's website.

(https://www.verizon.com/support/residential/internet/equipment/other-equipment (accessed September 20, 2018).) As seen in its product documentation, Actiontec GT701C is an ADSL modem/router. (Exhibit 19, at 2,89,

http://www.verizon.com/cs/groups/public/documents/adacct/actiontec_gt701c_usermanual.pdf) (specifying ADSL modem/router and "Auto-handshake for different ADSL services").) ADSL technology corresponds to Recommendations ITU-T G.992.1 (G.dmt) and G.992.2 (G.lite). (Exhibit 19, at 2 (listing "ITU G. 992.1 (G.dmt) and G.992.2 (G.lite) standard compliance"); *see, e.g.*, https://www.itu.int/rec/T-REC-G.992.1/en; https://www.itu.int/rec/T-REC-G.992.2/en (accessed September 30, 2018).) The ITU G.994.1 standard "is currently an integral part of the start-up procedure" for various standards, such as the ITU G.992.1 and G.992.2. ("This Recommendation [ITU G.994.1] is currently an integral part of the start-up procedure for Recommendations ITU-T G.991.2, ITU-T G.992.1, ITU-T G.992.2, ITU-T G.992.3, ITU-T G.992.4, ITU-T G.992.5, ITU-T G.993.1 and ITU-T G.993.2." (quoting ITU G.994.1 standard summary section at i).) Thus, Actiontec GT701C complies with the ITU G.994.1 standard. On

information and belief, other products, equipment and services made, used, sold, offered for sale, imported, provided, practiced, and/or caused to be practiced or used by Verizon comply with ITU G.994.1.

21. Further, as another example of compliance with ITU G.994.1, on information and belief, Verizon provides to its subscribers modems/routers for use of FioS service that go through xDSL technology. For instance, on information and belief, Verizon provides to its subscribers D-Link DSL-6300V modem for the use of Fios service. (*See* http://www.verizon.com/support/smallbusiness/tv/fiostv/receivers/user+guides/user+guides.htm (mentioning D-Link DSL-6300V under "SNE Energy Information") (accessed September 30, 2018); *see also* https://forums.verizon.com/t5/Fios-Internet/FIOS-Connection-sometimes-disconnects-briefly-for-all-devices/td-p/858470 (customer mentioning having issues with its D-Link DSL-6300V equipment for its Fios connection) (accessed September 30, 2018).) Although this modem is based on fiber technology, on information and belief there are buildings where the fiber cannot be brought to the home so Verizon uses Fiber to the Node ("FTTN" or "Note"), Fiber to the Curb ("FTTC" or "Cabinet"), or Fiber to the Building ("FTTB" or "Basement"). Consequently, on information and belief, the signal has to go through xDSL technology from the Note/Cabinet/Basement to the Premises. On information and belief, other products, equipment and services made, used, sold, offered for sale, imported, provided, practiced, and/or caused to be practiced or used by Verizon for its Fios services comply with ITU G.994.1.

22. Moreover, on information and belief, D-Link DSL-6300V operate in accordance with, and/or comply with the ITU G.994.1 standard. Specifically, D-Link DSL-6300V is listed on Verizon's website as a "VDSL2 modem."

(https://www.verizon.com/support/residential/internet/equipment/other-equipment (accessed September 20, 2018).) VDSL2 technology corresponds to Recommendation ITU-T G.993.2 (*See, e.g.*, https://www.itu.int/rec/T-REC-G.993.2 (accessed September 30, 2018).) The ITU G.994.1 standard "is currently an integral part of the start-up procedure" for various standards, such as the ITU-T G.993.2. ("This Recommendation [ITU G.994.1] is currently an integral part of the start-up procedure for Recommendations ITU-T G.991.2, ITU-T G.992.1, ITU-T G.992.2, ITU-T G.992.3, ITU-T G.992.4, ITU-T G.992.5, ITU-T G.993.1 and ITU-T G.993.2." (quoting ITU G.994.1 standard summary section at i).) Thus, D-Link DSL-6300V complies with the ITU G.994.1 standard.

23.     The Accused Instrumentalities infringe at least claims 16 and 24 of the '772 patent, as set forth in Exhibit 10.

24.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

25.     Each of Defendants was made aware of the '772 patent and its infringement thereof at least as early as August 20, 2017, which is when Sisvel provided Verizon with a draft Complaint.

26.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '772 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '772 patent.

27.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

28.     Upon information and belief, each Defendant is liable as a contributory infringer of the '772 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '772 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '772 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

29.     Since the date of August 20, 2017, Defendants' infringement has been willful.

30.     Plaintiff has been harmed by Defendants' infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,508,867**

31.     The allegations set forth in the foregoing paragraphs 1 through 28 are incorporated into this Second Claim for Relief.

32.     On March 24, 2009, U.S. Patent No. 7,508,867 ("the '867 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '867 patent is attached as Exhibit 2.

33.     Plaintiff is the assignee and owner of the right, title and interest in and to the '867 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

34.     The Accused Instrumentalities infringe at least claims 10 and 19 of the '867 patent, as set forth in Exhibit 11.

35.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

36.     Each of Defendants was made aware of the '867 patent and its infringement thereof at least as early as August 20, 2017.

37.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '867 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '867 patent.

38.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

39.     Upon information and belief, each Defendant is liable as a contributory infringer of the '867 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '867 patent.  Each of the Accused Instrumentalities is a material component for use in

practicing the '867 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

40.     Since the date of August 20, 2017, Defendants' infringement has been willful.

41.     Plaintiff has been harmed by Defendants' infringing activities.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,952,442

42.     The allegations set forth in the foregoing paragraphs 1 through 39 are incorporated into this Third Claim for Relief.

43.     On October 4, 2005, U.S. Patent No. 6,952,442 ("the '442 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '442 patent is attached as Exhibit 3.

44.     Plaintiff is the assignee and owner of the right, title and interest in and to the '442 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

45.     The Accused Instrumentalities infringe at least claims 20 and 33 of the '442 patent, as set forth in Exhibit 12.

46.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

47.     Each of Defendants was made aware of the '442 patent and its infringement thereof at least as early as August 20, 2017.

48.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '442 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively

aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '442 patent.

49.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

50.     Upon information and belief, each Defendant is liable as a contributory infringer of the '442 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '442 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '442 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

51.     Since the date of August 20, 2017, Defendants' infringement has been willful.

52.     Plaintiff has been harmed by Defendants' infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,987,802

53.     The allegations set forth in the foregoing paragraphs 1 through 50 are incorporated into this Fourth Claim for Relief.

54.     On January 17, 2006, U.S. Patent No. 6,987,802 ("the '802 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '802 patent is attached as Exhibit 4.

55.     Plaintiff is the assignee and owner of the right, title and interest in and to the '802 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

56.     The Accused Instrumentalities infringe at least claims 8 and 15 of the '802 patent, as set forth in Exhibit 13.

57.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

58.     Each of Defendants was made aware of the '802 patent and its infringement thereof at least as early as August 20, 2017.

59.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '802 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '802 patent.

60.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

61.     Upon information and belief, each Defendant is liable as a contributory infringer of the '802 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and

infringes the patented methods, to be especially made or adapted for use in an infringement of the '802 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '802 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

62. Since the date of August 20, 2017, Defendants' infringement has been willful.

63. Plaintiff has been harmed by Defendants' infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,934,326

64. The allegations set forth in the foregoing paragraphs 1 through 61 are incorporated into this Fifth Claim for Relief.

65. On August 23, 2005, U.S. Patent No. 6,934,326 ("the '326 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '326 patent is attached as Exhibit 5.

66. Plaintiff is the assignee and owner of the right, title and interest in and to the '326 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

67. The Accused Instrumentalities infringe at least claims 39 and 58 of the '326 patent, as set forth in Exhibit 14.

68. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

69. Each of Defendants was made aware of the '326 patent and its infringement thereof at least as early as August 20, 2017.

70.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '326 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '326 patent.

71.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

72.     Upon information and belief, each Defendant is liable as a contributory infringer of the '326 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '326 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '326 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

73.     Since the date of August 20, 2017, Defendants' infringement has been willful.

74.     Plaintiff has been harmed by Defendants' infringing activities.

### COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,765,957

75.     The allegations set forth in the foregoing paragraphs 1 through 72 are incorporated into this Sixth Claim for Relief.

76.     On July 20, 2004, U.S. Patent No. 6,765,957 ("the '957 patent"), entitled "Activation of Multiple XDSL Modems with Implicit Channel Probe" was duly and legally

issued by the United States Patent and Trademark Office. A true and correct copy of the '957 patent is attached as Exhibit 6.

77.     Plaintiff is the assignee and owner of the right, title and interest in and to the '957 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

78.     The Accused Instrumentalities infringe at least claim 14 of the '957 patent, as set forth in Exhibit 15.

79.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

80.     Each of Defendants was made aware of the '957 patent and its infringement thereof at least as early as August 20, 2017.

81.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '957 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '957 patent.

82.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

83.     Upon information and belief, each Defendant is liable as a contributory infringer of the '957 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '957 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '957 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

84.     Since the date of August 20, 2017, Defendants' infringement has been willful.

85.     Plaintiff has been harmed by Defendants' infringing activities.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 6,694,470

86.     The allegations set forth in the foregoing paragraphs 1 through 83 are incorporated into this Seventh Claim for Relief.

87.     On February 17, 2004, U.S. Patent No. 6,694,470 ("the '470 patent"), entitled "Retransmission Procedure and Apparatus for Handshaking Protocol" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '470 patent is attached as Exhibit 7.

88.     Plaintiff is the assignee and owner of the right, title and interest in and to the '470 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

89.     The Accused Instrumentalities infringe at least claims 6, 18 and 26 of the '470 patent, as set forth in Exhibit 16.

90.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

91.     Each of Defendants was made aware of the '470 patent and its infringement thereof at least as early as August 20, 2017.

92.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '470 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '470 patent.

93.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

94.     Upon information and belief, each Defendant is liable as a contributory infringer of the '470 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '470 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '470 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

95.     Since the date of August 20, 2017, Defendants' infringement has been willful.

96.     Plaintiff has been harmed by Defendants' infringing activities.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,051,258

97.     The allegations set forth in the foregoing paragraphs 1 through 94 are incorporated into this Eight Claim for Relief.

98.     On May 23, 2006, U.S. Patent No. 7,051,258 ("the '258 patent"), entitled "Retransmission Procedure and Apparatus for Handshaking Protocol" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '258 patent is attached as Exhibit 8.

99.     Plaintiff is the assignee and owner of the right, title and interest in and to the '258 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

100.    The Accused Instrumentalities infringe at least claims 9 and 17 of the '258 patent, as set forth in Exhibit 17.

101.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

102.    Each of Defendants was made aware of the '258 patent and its infringement thereof at least as early as August 20, 2017.

103.    Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '258 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '258 patent.

104.    In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and

distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

105.     Upon information and belief, each Defendant is liable as a contributory infringer of the '258 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '258 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '258 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

106.     Since the date of August 20, 2017, Defendants' infringement has been willful.

107.     Plaintiff has been harmed by Defendants' infringing activities.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 6,999,506

108.     The allegations set forth in the foregoing paragraphs 1 through 105 are incorporated into this Ninth Claim for Relief.

109.     On February 14, 2006, U.S. Patent No. 6,999,506 ("the '506 patent"), entitled "Activation of Multiple XDSL Modems with Half Duplex And Full Duplex Procedures" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '506 patent is attached as Exhibit 9.

110.     Plaintiff is the assignee and owner of the right, title and interest in and to the '506 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

111.     The Accused Instrumentalities infringe at least claims 1, 4, 6 and 9 of the '506 patent, as set forth in Exhibit 18.

112.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers/subscribers and end users across the country and in this District.

113.     Each of Defendants was made aware of the '506 patent and its infringement thereof at least as early as August 20, 2017.

114.     Upon information and belief, since at least August 20, 2017, Defendants have induced and continue to induce others to infringe at least one claim of the '506 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '506 patent.

115.     In particular, each Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

116.     Upon information and belief, each Defendant is liable as a contributory infringer of the '506 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States DSL equipment that operates in accordance with the ITU G.994.1 standard and infringes the patented methods, to be especially made or adapted for use in an infringement of the '506 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '506 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

117.     Since the date of August 20, 2017, Defendants' infringement has been willful.

118.    Plaintiff has been harmed by Defendants' infringing activities.

## STATEMENT REGARDING FRAND OBLIGATION

119.    Pursuant to relevant policies governing the standards organization, and because the Asserted Patents are necessary to practice the ITU G.994.1 standard technology, Plaintiff agrees to license users of ITU G.994.1 standard technology under the Asserted Patents on fair, reasonable, and non-discriminatory (FRAND) terms.  Plaintiff abided by such terms by furnishing a courtesy copy of a draft Complaint more than one year ago on August 20, 2017, when the parties engaged in initial discussions.  Plaintiff intends to negotiate such FRAND terms in good faith, and will be amenable to a delay of service of this Complaint and/or an immediate stay of the matter if Defendant also negotiates in good faith, so that no party need bear any unnecessary cost or expense.  If Defendant contests the obligation to abide by such terms, through action or inaction, then Plaintiff shall proceed against Defendants as unwilling licensees and pursue the highest damages and/or other relief available under the law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.    An adjudication that Defendants have infringed the '772 patent, '867 patent, '442 patent, '802 patent, '326 patent, '957 patent, '470 patent, '258 patent and '506 patent.

B.    An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '772 patent, '867 patent, '442 patent, '802 patent, '326 patent, '957 patent, '470 patent, '258 patent and '506 patent, and any continuing or future

infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.


Dated: November 5, 2018                        DEVLIN LAW FIRM LLC

                                               */s/ Timothy Devlin*
                                               Timothy Devlin (#4241)
                                               James M. Lennon (#4570)
                                               tdevlin@devlinlawfirm.com
                                               jlennon@devlinlawfirm.com
                                               1306 N. Broom St., 1st Floor
                                               Wilmington, Delaware 19806

                                               Telephone: (302) 449-9010
                                               Facsimile: (302) 353-4251

                                               *Attorneys for Plaintiff*
                                               *SISVEL INTERNATIONAL S.A.*